UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 01-186 |
| JOHNNY TRAVIS | SECTION: "J" (1) |

**ORDER**

Before the Court is a *Motion to Terminate Supervised Release* **(Rec. Doc. 19)** filed by the defendant Johnny Travis. For the reasons described below, the motion is hereby **GRANTED**, and **IT IS ORDERED** that Travis' supervised release shall terminate on June 16, 2017.

On November 2, 2001, Travis pleaded guilty to distribution of more than five grams but less than fifty grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Travis was then sentenced to 188 months of imprisonment, to be followed by a five year term of supervised release. After serving his full term of incarceration, Travis was released and is currently serving his term of supervised release. He now seeks to terminate his term of supervised release. The Court construes his motion as being made pursuant to 18 U.S.C. § 3583(e)(1).

Congress has provided the following framework for considering the termination of supervised release:

1

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). Among the factors to weigh are the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a).

Travis has now served more than three years of his term of supervised release. The Court has conferred with Travis' probation officer concerning his progress and behavior during this time. Travis' probation officer reports that he has been a model probationer and that no negative reports have been filed throughout this period. Travis has had no positive drug screens while under supervision and reports being committed to avoiding drugs and alcohol. Finally, Travis has a pending job offer to work as a carpenter in Texas. He would like to accept this offer but currently cannot because of the terms of his supervised release.

The Government has been contacted about this motion and takes no position on it. (*See* Exhibit 1 to this Order.)

In light of the information provided by the probation officer, and after considering the various factors contained in 18 U.S.C. § 3553(a), the Court is persuaded that early termination of supervised release is justified under these circumstances. Such action would allow Travis to continue his rehabilitation by engaging in full-time employment and earning an income from legitimate, noncriminal activity. This will effectively serve the goals of rehabilitating Travis and ultimately protecting the community from any repetition of his prior unlawful conduct.

Accordingly,

**IT IS ORDERED** that Travis' motion to terminate supervised release is **GRANTED.**

**IT IS FURTHER ORDERED** that Travis' supervised release shall terminate on June 16, 2017.

New Orleans, Louisiana this 8th day of June, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE